UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| ANIKA WARNER, AS GUARDIAN OF Y.J., A MINOR CHILD, | * * * | CIVIL ACTION NO. 2:18-cv-01435 |
| - VERSUS - | * * | JUDGE |
| DIVERSE SAFETY AND SCAFFOLDING, LLC AND TALOS ERT, LLC, | * * * * | MAGISTRATE |
| | * * | JURY DEMAND |

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

## ORIGINAL COMPLAINT

**NOW INTO COURT**, through undersigned counsel comes Complainant, **ANIKA WARNER**, **as Guardian of Y.J., a Minor Child**, who files this Complaint against **DIVERSE SAFETY AND SCAFFOLDING, LLC,** and **TALOS ERT, LLC** for wrongful death damages and, in support thereof would show unto the Court the following:

### I.

### JURISDICTION

1. This Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1332, as the parties are citizens of different states, and the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs.

2. Venue is proper pursuant to 28 U.S.C. § 1391 because at least one Defendant resides in the Western District of Louisiana and does a substantial amount of business in this district. In addition, a substantial part of the events or omissions giving rise to the claim occurred in this district.

## II.

## PARTIES

3. Parties named herein are as follows:

A. Named Complainant herein is:

  i. **ANIKA WARNER**, **as Guardian of Y.J., a Minor Child**, is an individual and resident of New York. She is the biological mother, guardian, and next friend of Y.J., a minor child whom she had with Decedent, Walter Jackson. Y.J. is a wrongful death beneficiary under Louisiana and other applicable law. Y.J. brings her claims herein through Warner, as guardian.

B. Named Respondents herein are:

  i. **DIVERSE SAFETY AND SCAFFOLDING, LLC**, is a Louisiana company with its principal office and place of business at 4308 W. Highway 90, New Iberia, LA 70560. This defendant may be served through its registered agent, Candice Duhon, at 4308 Highway 90 West, New Iberia, LA 70560.

  ii. **TALOS ERT, LLC**, a Delaware company licensed to do business in, and conducting a substantial amount of business in, Louisiana on a continuous and systematic basis, with its principal business establishment in Louisiana located at 5615 Corporate Blvd., Suite 400B, Baton Rouge, LA 70808, and its registered office in Louisiana located at 3867 Plaza Tower Dr., Baton Rouge, LA 70816. This defendant may be

served through its registered agent, CT Corporation System, 3867 Plaza Tower Dr., Baton Rouge, LA 70816.

### III.

### FACTS

4.  This action arises out of the tragic, untimely death of Walter Jackson on a platform off the coast of Louisiana.  On February 17, 2018, Jackson was working for Derrick Services Limited ("DSL") on an oil and gas production platform situated in the West Cameron 215A Block, and owned and/or operated by Defendant Talos ERT, LLC ("Talos").  Jackson and other DSL employees were attempting to lower several pieces of heavy piping that had been cut into sections and that were to be removed from the platform. The job required the use of scaffolding that was owned by, operated by, and setup on the platform by Defendant Diverse Safety and Scaffolding, LLC ("Diverse").

5.  Upon information and belief, the scaffolding was not properly maintained and was configured in a manner that rendered it unsafe for the job.  Further, on information and belief, Jackson and other DSL employees were instructed by Defendants Talos and Diverse to use regular rope to secure and lower the pipe, over the DSL employees' objection. The DSL employees had previously requested safer, alternative equipment that was stronger and more suitable for handling and securing the sections of heavy pipe.

6.  Due to Defendants' aforementioned acts and omissions, during the job, one section of the pipe came loose and fell, striking Jackson and causing him catastrophic injuries. Jackson died as a result of his injuries.

## IV.

## CAUSES OF ACTION

### CLAIMS AGAINST DEFENDANT, TALOS ERT, LLC

7. Plaintiff incorporates all other paragraphs by reference here fully.

8. Plaintiff would show that Defendant Talos had a duty to exercise the degree of care that a reasonably careful person would use to avoid harm to others under circumstances similar to those described herein.  Defendant's negligent breaches of this duty consist of, but are not limited to, the following acts and omissions:

   a. Failing to discover any unreasonably dangerous conditions, and either to correct the condition or warn of its existence;

   b. Failing to exercise reasonable care for the safety of persons on its platform;

   c. Failing to prevent exposing persons on its platform to unreasonable risks of injury or harm;

   d. Failing to take reasonable steps to ensure a safe working environment for employees of contractors onboard its platform;

   e. Failing to provide adequate medical treatment;

   f. Failure to properly train and supervise their crew;

   g. Failure to provide adequate safety equipment;

   h. Negligently requiring the use of equipment that was unreasonably dangerous under the circumstances;

   i. Failing to provide proper equipment necessary for the safe completion of the work;

   j. Failing to act as a reasonably prudent platform owner/operator would under similar circumstances;

   k. Violating applicable Coast Guard, OSHA, and/or BSEE rules;

      l.      Vicariously liable for their employees' negligence;

      m.      Failing to adequately warn of, or fix and correct, unreasonably dangerous conditions of which Defendant had actual knowledge; and

      n.      Such additional acts of negligence, established through discovery in this case.

9. Plaintiff's injuries and damages were proximately caused by Defendant Talos' negligent breaches of duty.

## CLAIMS AGAINST DEFENDANT, DIVERSE SAFETY AND SCAFFOLDING, LLC

10. Plaintiff incorporates all other paragraphs by reference here fully.

11. Plaintiff would show that Defendant Diverse had a duty to exercise the degree of care that a reasonably careful person would use to avoid harm to others under circumstances similar to those described herein. Defendant's negligent breaches of this duty consist of, but are not limited to, the following acts and omissions:

      a.      Failing to discover any unreasonably dangerous conditions, and either to correct the condition or warn of its existence;

      b.      Failing to exercise reasonable care for the safety of persons on its scaffolding;

      c.      Failing to prevent exposing persons on its scaffolding to unreasonable risks of injury or harm;

      d.      Negligently requiring the use of equipment that was unreasonably dangerous under the circumstances;

      e.      Failing to provide proper equipment necessary for the safe completion of the work;

      f.      Failing to act as a reasonably prudent person would under similar circumstances;

      g.      Violating applicable Coast Guard, OSHA, and/or BSEE rules;

      h.      Failing to provide adequate medical treatment;

      i.      Failure to properly train and supervise their crew;

      j.      Failure to provide adequate safety equipment;

      k.      Vicariously liable for their employees' negligence;

      l.      Failing to adequately warn of, or fix and correct, unreasonably dangerous conditions of which Defendant had actual knowledge; and

      m.      Such additional acts of negligence, established through discovery in this case.

12.    Plaintiff's injuries and damages were proximately caused by Defendant Diverse's negligent breaches of duty.

## V.

## DAMAGES

### WRONGFUL DEATH

13.    Plaintiff incorporates all other paragraphs by reference here fully.

14.    Plaintiff, Y.J., is the biological child of the deceased, Walter Jackson. Y.J. is thus a statutory wrongful death beneficiary under Louisiana, and all other applicable law. Y.J. sues through Anika Warner, as guardian and next friend.

15.    The negligence of Defendants, outlined more fully above, caused the death of Walter Jackson. Plaintiff has sustained actual injuries as a result of the wrongful death of her father. Plaintiff therefore brings this wrongful death action.

16.    As a direct and proximate result of the occurrence made the basis of this lawsuit, Plaintiff has suffered severe injuries and damages.

17. At the time of his death, Walter Jackson had a loving relationship with his natural minor child, Y.J.  Y.J. also received significant financial support from Walter Jackson.

18. Plaintiff respectfully requests the Court and Jury to determine the amount of loss incurred. The elements of damages to be considered separate and individually for the purpose of determining the sum of money that will fairly and reasonably compensate Plaintiff are as follows:

    a. Pecuniary losses, including but not limited to, the loss of care, maintenance, support, services, advice, and counsel that would have been received from the deceased, had he lived;

    b. Loss of companionship and society, including but not limited to, the loss of positive benefits flowing from the love, comfort, companionship and society that would have been received from the deceased, had he lived;

    c. Loss of inheritance;

    d. Interest;

    e. Costs;

    f. Any and all other damages to which Plaintiff shows entitlement in law or equity through the course of this proceeding.

## VI.

## JURY TRIAL DEMANDED

19. Plaintiff hereby requests a jury trial of this matter and has or will pay the appropriate jury fee.

## VII.

## PRAYER

20. For these reasons, Plaintiff prays that Defendants be duly cited and served with this Original Complaint, that they be required to appear and answer same within the delays

provided by law, and that after all due proceedings are had there be judgment rendered herein in favor of plaintiff and against all defendants, in solido, for all such damages as are reasonable in the premises, with legal interest thereon from date of judicial demand until paid, for all costs of these proceedings, and for all such other general and equitable relief to which Plaintiff may be justly entitled.

Respectfully Submitted,

ARNOLD & ITKIN LLP

*/s/ J. Kyle Findley*
_____
J. Kyle Findley (# 34922)
kfindley@arnolditkin.com
6009 Memorial Drive
Houston, TX   77007
Tel: 713.222.3800
Fax: 713.222.3850
**e-service@arnolditkin.com**

-AND-

Michael Cox (# 22026)
mike.cox@coxcoxfilo.com
COX, COX, FILO, CAMEL & WILSON LLC
723 Broad Street
Lake Charles, LA 70601
Tel: 337.436.6611
Fax: 337.436.9541

**ATTORNEYS FOR PLAINTIFF**