**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF LOUISIANA**
**LAKE CHARLES DIVISION**

| | | |
|---|---|---|
| **ANIKA WARNER** | : | **CASE NO. 2:18-CV-01435 LEAD** |
| **VERSUS** | : | **JUDGE JAMES D. CAIN, JR.** |
| **TALOS ERC LLC ET AL** | : | **MAGISTRATE JUDGE KAY** |

**MEMORANDUM RULING AND ORDER**

Before the court is a Motion to Compel filed by Defendant Talos ERT, LLC ("Talos"). Doc. 71. Talos seeks to compel full discovery responses from Plaintiff Anika Warner ("Warner"), mother and guardian of minor child Y.J., biological son of decedent Walter Jackson ("Jackson"). After consideration of the information provided and the argument of counsel, we find that the Motion to Compel should be and it is hereby **GRANTED**.

Defendant Talos requests full responses to its discovery requests. Speaking broadly, the disputed requests concern the amount of financial support Jackson provided to Warner and the contact information of a social worker who began counseling Y.J. in October 2020. Talos argues that the financial information and records are relevant to Warner's interrogatory response stating that Jackson provided monthly monetary support for Y.J. of at least $500 - $1,000. Doc. 71, att. 1, p. 3; Doc. 73, p. 2. Talos argues that the contact information of social worker Peaches Thomas is necessary to subpoena records regarding her visits with Y.J. Doc. 71, att. 1, p. 6. Warner opposes, arguing that she has already provided contact information for Peaches Thomas and information responsive to Interrogatory 5 and Requests for Production 20 and 21. Doc. 73. Warner further argues that production of the bank records unduly burdensome, overly broad,

duplicative, and an invasion of her privacy because her sworn testimony and interrogatory responses provide the requested information. *Id.* Talos responds that the contact information for Ms. Thomas did not include a physical address that would allow subpoena of records, that the previously provided written responses do not clearly identify which documents are responsive and whether all responsive documents have been produced, and that the requested bank records are easily obtainable and very relevant to Warner's claims of financial support. Doc. 76.

Having reviewed the parties' submissions, the court finds that the information sought in the disputed requests is discoverable and proportional to the needs of the case within the meaning of Fed. R. Civ. P. 26(b). The court further finds that the production of the redacted bank records will not cause undue burden for Ms. Warner. Accordingly, plaintiff Warner is to provide supplemental responses on or before **January 14, 2022**, which shall include, without limitation:

    a)    Any additional documents regarding the amount of financial support decedent Walter Jackson provided to minor Y.J., including documents responsive to Interrogatory No. 5 and Requests for Production Nos. 20, 21, and 25 and redacted bank statements. Plaintiff's supplemental response should 1) identify by Bates Number which already-produced records are responsive to these requests; 2) include Chase banking records redacted to reflect only deposits or payments from Jackson or provide the account number of the Chase account into which such deposits were made to allow subpoena of the same, and 3) include a statement that all responsive documents have been produced or a statement of the specific steps plaintiff intends to take to obtain additional responsive documents; and

    b)    Information responsive to Interrogatory No. 15, including the physical address and telephone number for Ms. Peaches Thomas, the social worker who began counseling Y.J. in October 2020.

Upon plaintiff's compliance with this order, defendants are to notify the court whether the issues raised in the Motion to Compel have been resolved. At that point we will rule on defendants' request for attorneys' fees associated with this motion.

THUS DONE AND SIGNED in Chambers this 14th day of December, 2021.

_____
KATHLEEN KAY
UNITED STATES MAGISTRATE JUDGE