UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAKE CHARLES DIVISION

**ANIKA WARNER**                                    **CASE NO.  2:18-CV-01435 LEAD**

**VERSUS**                                                   **JUDGE JAMES D. CAIN, JR.**

**TALOS E R T  L L C ET AL**                      **MAGISTRATE JUDGE KAY**

## MEMORANDUM ORDER

Before the court are Motions to Strike [docs. 107, 108] filed by defendant Talos ERT, LLC and seeking to exclude certain evidence from the jury trial set in this matter on March 21, 2022. Plaintiffs oppose both motions. Docs. 114, 115.

## I.
### BACKGROUND

This suit arises from the death of Walter Jackson in an accident on February 17, 2018. Jackson was employed as a rigger by DLS, LLC ("DLS") on an oil and gas production platform owned and operated by Talos ERT, LLC ("Talos") and situated on the Outer Continental Shelf off the coast of Louisiana. Plaintiffs, who are Jackson's surviving spouse and the guardian of his minor child, allege that he and other DLS employees were attempting to lower sections of pipe that were to be removed from the platform when one of the sections came loose and struck Jackson, resulting in his death. Doc. 1, ¶¶ 4, 6. They also allege that the injuries were caused by unsafe scaffolding provided by Diverse Scaffolding, LLC ("Diverse") and by deficient safety instructions. *Id.* at ¶ 5.

Plaintiffs filed separate suits for negligence against Diverse and Talos, which the court consolidated. Doc. 19. Both defendants filed motions for summary judgment. Docs. 91, 93. By separate rulings the court has granted Diverse's motion and denied Talos's. Talos now brings the instant motions in limine, seeking to exclude evidence or mention of (1) legal conclusions contained in the Bureau of Safety and Environmental Enforcement ("BSEE") report issued on the subject accident [doc. 107], (2) civil penalties assessed by the BSEE to Talos [*id.*], and (3) unrelated incidents on other Talos platforms [doc. 108]. Plaintiffs oppose the motion, arguing that the report is admissible under Federal Rule of Evidence 803(8) and that its probative value is not outweighed by a danger of unfair prejudice. Doc. 115. They also argue that evidence of incidents on other platforms is admissible under Federal Rule of Evidence 404(b), or in the alternative that the court should wait until trial to evaluate their admissibility.

## II.
## LAW & APPLICATION

### A. Governing Law

Evidence is generally admissible so long as it is relevant and not barred by the Constitution, a federal statute, the Federal Rules of Evidence, or other rules prescribed by the Supreme Court. Fed. R. Evid. 402. Among other grounds, the court may exclude relevant evidence where its probative value is substantially outweighed by a danger of unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, or needlessly presenting cumulative evidence. *Id.* at 403.

Evidence should only be excluded in limine where it is "clearly inadmissible on all potential grounds." *Hull v. Ford*, 2008 WL 178890, at *1 (S.D. Tex. 2008) (citing

*Hawthorne Partners v. AT&T Tech., Inc.*, 831 F.Supp. 1398, 1400 (N.D. Ill. 1993)).
"Motions in limine are frequently made in the abstract and in anticipation of some
hypothetical circumstance that may not develop at trial." *Looney Ricks Kiss Architects, Inc.
v. Bryan*, 2010 WL 5174440, at *1 (W.D. La. Dec. 15, 2010) (quoting *Collins v. Wayne
Corp.*, 621 F.2d 777, 784 (5th Cir. 1980)). Evidentiary rulings, however, "should often be
deferred until trial so that questions of foundation, relevancy and potential prejudice can
be resolved in proper context." *Id.*; *accord Baxter v. Anderson*, 277 F.Supp.3d 860, 863
(M.D. La. 2017). Additionally, motion in limine rulings "are not binding on the trial judge
. . . and the judge may always change his mind during the course of a trial." *Ohler v. United
States*, 529 U.S. 753, 764 n. 3 (2000).

## B. BSEE Report

### 1. Report Background

Pursuant to the Outer Continental Shelf Lands Act, 43 U.S.C. § 1348(d), and
applicable regulations, the Bureau of Safety and Environmental Enforcement ("BSEE") is
authorized to regulate oil and gas exploration, production, and development operations on
the Outer Continental Shelf. 30 C.F.R. § 250.101. Here BSEE investigated the accident
leading to Walter Jackson's death pursuant to 30 C.F.R. § 250.293. On June 15, 2020, the
investigative panel issued its written report. Doc. 107, att. 2.

The report contains several pages of factual findings, describing how the accident
occurred while Jackson and others were removing old firewater pipe from the platform
with a ½ inch manila rope that had been used by DLS on a previous job. *Id.* It describes

the failure of this rope as the probable cause of the accident. *Id.* at 23. It then offers several

contributing causes:

> • The BSEE Investigation determined that, over a two day period, construction personnel failed to use SWA or change tasks after witnessing sections of firewater piping fall from the scaffolding and into the Gulf of Mexico. The task of cutting the fire water system was being done in an unsafe manner because the construction crew allowed the cut pipe to free fall onto the scaffolding.
> • The BSEE Investigation determined the scaffolding under the cellar deck was not built according to specifications per company Policy & Procedures. (no toe boards or two access areas) The construction crew and scaffolding crew were aware the hazards and did nothing to correct the issue.
> • The BSEE Investigation determined Talos, DSS and DLS personnel failed to follow Talos' SWP, conduct a proper hazard analysis, or mitigate known hazards.
> • The BSEE Investigation determined personnel were walking in areas designated as a landing zone and personnel lowering pipe did not have constant visual of area designated as a landing zone.
> • The BSEE Investigation determined a lack of supervision from both construction superintendent and Talos PIC/UWA.
> • The BSEE Investigation determined the construction superintendent and Talos PIC/UWA did not ensure the specific duties, potential hazards, and hazard controls associated with the firewater piping removal operation were listed on JSA.
> • The BSEE Investigation determined, on February 17, 2018, workers were allowed to operate without a HWP and did not assign a person with the sole duty of fire watch as required per Talos' Welding and Burning Plan.
> • The BSEE Investigation determined the construction crew was aware the operation required work in a designated out of service (OOS) area with all means of access barricaded. No "Approval to Cross Barricade Permit" was completed, per Talos Energy LLC policy, and the hazard was not addressed in the morning safety meetings or on JSA.

*Id.* at 23–24. The panel also identified "safety culture" as factor in the accident, offering

several examples and concluding that "inadequate supervision from both Talos and DLS

supervision . . . led to an almost complete disregard for Talos's Safe Work Practices, SEMS

Plan, and some Federal Regulations." *Id.* at 24.

In connection with the incident, BSEE made several recommendations to Talos for improved safety practices. *Id.* at 25–26. It also issued a Notification of Incidents of Noncompliance ("INCs"). Doc. 107, att. 3. The INCs related to Talos's violations of various duties set forth under 30 C.F.R. § 250.101 *et seq.*, including § 250.107, which imposes an obligation on the platform lessee (in this case, DLS) in the performance of operations and maintenance of equipment and work areas.[1] *Id.* at 1; *see* 30 C.F.R. §§ 250.105, 250.107. BSEE assessed civil penalties against Talos for four of the INCs, including the § 250.107 violation. Doc. 107, att. 4.

### 2. **Motion to Strike**

Talos does not seek to exclude the factual findings contained in the report. Doc. 107, p. 8, n. 9. It asserts, however, that the conclusions contained on pages 23–24 should be excluded as inadmissible hearsay and on the grounds that they are confusing, misleading, and unfairly prejudicial. *Id.* at pp. 8–9. It also asserts that the BSEE INCs and civil penalty assessments should be excluded for the same reason. *Id.* Plaintiffs oppose the motion, arguing that the BSEE's conclusions are acceptable and that their risk of improper use does

---

[1] The duty imposed reads, in relevant part:
    (a)  You must protect the health, safety, and environment by:
        (1)  Performing all operations in a safe and workmanlike manner;
        (2)  Maintaining all equipment and work areas in a safe condition;
        (3)  Utilizing recognized engineering practices that reduce risks to the lowest level practicable when conducting design, fabrication, installation, operation, inspection, repair, and maintenance activities; and
        (4)  Complying with all lease, plan, and permit terms and conditions.
30 C.F.R. § 250.107. For the purposes of that section, "you" means "a lessee, the owner or holder of operating rights, a designated operator or agent of the lessee(s), a pipeline right-of-way holder, or a State lessee granted a right-of-use and easement." *Id.* at § 250.105.

not outweigh their probative value. Doc. 115. Alternatively, they argue that if the court grants Talos's request, pages 23–24 should be redacted rather than removed. *Id.*

Under Federal Rule of Evidence 803(8)(C), public records and reports of investigations conducted pursuant to authority granted by law are exceptions to the hearsay rule "because they contain inherent indicia of trustworthiness." *Complaint of Nautilus Tank Motor Tanker Co., Ltd.*, 862 F.Supp. 1251, 1255 (D.N.J. 1994). This exception is "premised on the exception that public officers perform their duties properly without motive or interest other than to submit fair and accurate reports." *Id.* (internal quotations omitted).

Talos does not dispute that the BSEE report generally falls within this exception or that it was properly carried out pursuant to the BSEE's statutory authority. Instead, it maintains that the findings on pages 23–24 should be excluded because they are legal conclusions. In *Beech Aircraft Corp. v. Rainey*, 488 U.S. 153, 170 (1988), the Supreme Court held that fact-based conclusions or opinions in such a report are within the scope of Rule 803(8)(C). It left aside, however, the question of whether legal conclusions are also admissible. *Id.* at 170 n. 13.

Since that time, multiple circuits have addressed the issue and found that legal conclusions are not admissible as factual findings under Rule 803(8). *See Zeus Enters., Inc. v. Alphin Aircraft, Inc.*, 190 F.3d 238 (4th Cir. 1999); *Sullivan v. Dollar Tree Stores, Inc.*, 623 F.3d 770 (9th Cir. 2010); *Hines v. Brandon Steel Decks, Inc.*, 886 F.2d 299 (11th Cir. 1989).  As the Eleventh Circuit explained, legal conclusions should not be admitted based on the same justification extended to factual conclusions because "the jury would have no

way of knowing whether the preparer of the report was cognizant of the requirements underlying the legal conclusion and, if not, whether the preparer might have a higher or lower standard than the law allows." *Hines*, 886 F.2d at 303. Although the Fifth Circuit has not spoken on the subject, the undersigned is persuaded by this logic and joins other district courts within the circuit in adopting it. *E.g.*, *Thibodeaux v. WellMate*, 2014 WL 1329802 (E.D. La. Mar. 31, 2014); *Mendez v. Poitevent*, 2014 WL 12639318 (W.D. Tex. Sep. 30, 2014); *Tajonera v. Black Elk Energy Offshore Ops., LLC*, 2016 WL 9414349 (E.D. La. June 14, 2016); *Matter of Lasala*, 2021 WL 5763778 (E.D. La. June 15, 2021).

The conclusions on pages 23–24 of the BSEE report reference the investigative panel's judgment as to the causal role different factors played in this maritime accident. They are findings of "ultimate facts" and thus legal conclusions, falling outside Rule 803(8)'s scope. *Matter of Lasala*, 2021 WL 5763778 at *3 (citing *Hines*, 886 F.2d at 303). The INCs and civil penalties would only serve as a backdoor for introducing these conclusions. *Tajonera*, 2016 WL 9414349 at *4. The BSEE report is otherwise admissible, however, and its probative value outweighs the concerns described above based on the findings yielded as to actions by Talos and other players through an evidently diligent investigation. Accordingly, the Motion [doc. 107] will be granted, with the INCs and penalties deemed inadmissible and the BSEE report only admissible upon a redaction of pages 23–24.

## C. Incidents on Other Platforms

Talos also moves to exclude evidence and testimony of incidents on other platforms, on the grounds that they are too dissimilar and remote in time. Under Federal Rule of

Evidence 404(b), evidence of a person's prior bad act is inadmissible "to prove a person's character in order to show that on a particular occasion the person acted in accordance with the character." Fed. R. Evid. 404(b)(1). However, the evidence may be admitted for another purpose, including proof of motive, intent, opportunity, knowledge, preparation, plan, absence of mistake, or lack of accident. *Id.* at 404(b)(2). Even if a court determines that evidence is admissible under Rule 404(b), it must exclude the prior bad act if it determines that its probative value is substantially outweighed by the dangers identified in Rule 403, including undue prejudice, confusing the issues, or misleading the jury. *United States v. Smith*, 804 F.3d 724, 736 (5th Cir. 2015).

The prior incidents at issue here are: (1) a 2011 incident where a worker on a Talos platform was killed when a rusted boom hoist wire snapped during a crane operation and (2) a 2013 incident in which a welder fell into the water and was killed after the skid assembly toppled overboard. Doc. 114, atts. 1 & 2. The BSEE reports cited inadequate JSAs as contributing causes for both of these incidents. *Id.*

While the incidents appear sufficiently similar and near in time to the alleged circumstances surrounding Mr. Jackson's death, plaintiffs have only vaguely described the purposes for which they seek to admit them: intent, motivation behind the project, and knowledge of its dangers. The court cannot evaluate the probative value of these incidents without more context, and will not have this context until evidence is developed at trial. Accordingly, this motion will be denied but plaintiffs have not yet met their burden of showing the admissibility of any 404(b) evidence.

## III.
### CONCLUSION

For the reasons stated above, the Motion to Strike Legal Conclusions in the BSEE

Report [doc. 107] is **GRANTED** and the Motion to Strike Evidence of Incidents on other

Talos Platforms [doc. 108] is **DENIED**.

**THUS DONE AND SIGNED** in Chambers on this 22nd day of February, 2022.

**JAMES D. CAIN, JR.**
**UNITED STATES DISTRICT JUDGE**