UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAKE CHARLES DIVISION

| | | |
|---|---|---|
| ANIKA WARNER | : | CASE NO. 2:18-CV-01435 LEAD |
| VERSUS | : | JUDGE JAMES D. CAIN, JR. |
| TALOS E R T LLC ET AL | : | MAGISTRATE JUDGE KAY |

**MEMORANDUM OPINION AND ORDER**

Before the court is a Motion to Amend the Court's Prior Scheduling Order filed by defendant Talos ERT, LLC ("Talos"). Doc. 170. The motion to amend concerns deadlines for the exchange of expert reports. Doc. 68. Defendant Talos ERT, LLC ("Talos") seeks a retroactive extension of its expert report deadline because it inadvertently produced the wrong expert report on the deadline. Doc. 170. Plaintiff Warner opposes [doc. 172], and Talos has replied [doc. 173], making the motion ripe for ruling.

For the reasons stated herein, Warner's motion is **GRANTED**.

**I.**
**BACKGROUND**

On February 17, 2018, Walter Jackson was struck and killed by a falling piece of firewater piping on an oil and gas production platform in the Gulf of Mexico. Doc. 1, ¶ 4. The incident took place on the WC 215A platform owned by Talos. Doc. 1, ¶ 3. Plaintiff Warner is the guardian of Jackson's minor child. Doc. 1, p. 1. Walter Jackson's surviving spouse, Vantrece Jackson ("Mrs. Jackson"), is also a party to this action but did not take part in the briefing of this motion. Doc. 173, p. 1.

This matter is scheduled to go to trial on January 23, 2023.  Doc. 162.  It was previously scheduled for trial on March 21, 2022.  Doc. 67.  Under the scheduling order issued in conjunction with the March 21, 2022, trial date [doc. 68], plaintiffs' expert reports were to have been filed on or before November 22, 2021, and defendants' expert reports were to have been filed on or before December 6, 2021.  Doc. 68.  The scheduling order provides, "No supplemental reports or additional expert witnesses will be permitted outside of these deadlines without leave of court upon a showing of good cause."  Doc. 68, p. 2.  On the motion of plaintiffs Warner and Jackson, the court extended both expert deadlines by one week.  Docs. 85, 86.

In the motion before the court, Talos seeks a retroactive extension of its expert deadline, such that the report of Dr. Rosenfeld will be deemed timely, even though Talos did not produce it to plaintiff until January 24, 2022, several weeks after it was due on December 13, 2021.  Doc. 170.  On the deadline, Talos mistakenly produced Dr. Rosenfield's report prepared in connection with unrelated litigation, rather than the report Dr. Rosenfield prepared concerning Mr. Jackson (the "Rosenfield-Jackson Report").  *Id.*  It appears that this mistake was not discovered until January 24, 2022, when a paralegal for former co-defendant Diverse Safety & Scaffolding, LLC noticed the error.  Doc. 170, att. 1, p. 4.  Talos provided opposing counsel with the Rosenfield-Jackson Report the same day.  *Id.*  By that time, the deadline for filing motions in limine had passed, and there had been no motion to exclude Dr. Rosenfield's report.  Doc. 170, att. 1, p. 4.

Talos argues that there is good cause to modify the scheduling order because, although the late production is explainable only as a clerical error, the report is important to Talos' defense, and there is no showing of prejudice from deeming it timely.  Doc. 170.  In support of this argument, Talos explains that Dr. Rosenfield is a neurologist who opined about the nature and extent of Mr. Jackson's brain injuries.  Doc. 170, att. 1, p. 2-3.  The Rosenfield-Jackson Report states, *inter alia*,

that Mr. Jackson died instantly from the impact and suffered no conscious pain and suffering. *Id.* at 3. Talos explains that this report is important to its defense because it goes to the question of Mrs. Jackson's claims for damages for Mr. Jackson's pre-death pain and suffering. Doc. 173, p. 2.

Talos emphasizes that Mrs. Jackson did not file an objection to the instant motion, and that neither Jackson nor Warner have moved to strike the Rosenfield-Jackson Report or moved for leave to file an untimely motion to strike (the deadline for motions in limine having already passed).[1] Doc. 170, att. 1, p. 5. According to Talos, "Ms. Jackson did not produce an expert report stating that Mr. Jackson did suffer conscious pre-death pain and suffering because of this accident." Doc. 170, att. 1, p. 4.

Although Talos acknowledges that plaintiffs disagree with the contention that Mr. Jackson did not suffer before his death, Talos suggests that there is no real prejudice to either party from allowing the Rosenfield-Jackson Report to be deemed timely because neither party has rebutted it with contrary expert testimony. Talos also urges that the district court's continuance of trial in this matter eliminates any prejudice that could exist, as there is now ample time before trial to review and contradict it.

The only party objecting to the instant motion is Warner. Doc. 172. Warner argues that Talos cannot show good cause to modify the scheduling order because the late production of Dr. Rosenfield's report was a mistake caused solely by Talos's counsel, because Dr. Rosenfield's testimony is unimportant, and because Talos will suffer no prejudice from exclusion of the report because it the subject matter is unimportant. Doc. 172, p. 1-2. Warner also suggests that Talos should not receive a retroactive extension because Talos has opposed Warner's request to modify

---

[1] Although Jackson does not oppose this motion, Talos acknowledges that Mrs. Jackson indicated several months ago in her Pre-Trial Statement that "she 'anticipates filing a motion to exclude the report for Dr. David Rosenfield, and strike Dr. Rosenfield's testimony based on the late disclosure of his report.'" Doc. 170, att. 1, p. 5 (quoting R. Doc. No. 144, p. 1).

the scheduling order. Finally, Warner suggests that if the court modifies the scheduling order to find Dr. Rosenfield's report timely, then Warner should be allowed an additional 30 days to produce further expert reports.

## II.
### RELEVANT LAW AND DISCUSSION

Under Fed. R. Civ. P 16(b)(4), a scheduling order may be modified "only for good cause and with the judge's consent." Fed. R. Civ. P. 16(b)(4). The good cause standard requires the party seeking relief to show that it cannot reasonably meet the scheduling deadlines despite its exercise of diligence. *S&W Enterprises, L.L.C. v. SouthTrust Bank of Alabama, NA*, 315 F.3d 533, 535 (5th Cir. 2003). Four factors courts consider when making a determination of good cause under rule 16(b)(4) are: (1) the explanation for the failure to timely comply with the order; (2) the importance of the modification; (3) potential prejudice in allowing the modification; and (4) the availability of a continuance to cure any prejudice. *Squyres v. Heico Companies, L.L.C.*, 782 F.3d 224, 237 (5th Cir. 2015).

The first factor, concerning the explanation for the untimely submission, is neutral. Although Talos admits to a clerical error, it is not possible to find that Talos was prevented from timely producing the report due to factors outside of its control. Therefore, this factor neither weighs in favor of nor against modification of the scheduling order.

The second factor concerns the importance of the modification. Dr. Rosenfield's report discusses the extent and nature of the brain injury Mr. Jackson sustained and whether he suffered before death. According to Talos, this may be the only expert testimony on the subject of Mr. Jackson's pain and suffering. Assuming for the purposes of this motion[2] that Dr. Rosenfield is

---

[2] The court makes no finding as to Dr. Rosenfield's qualifications to present testimony under Fed. R. Evid. 702 or *Daubert v. Merrell Dow Pharms., Inc.*, 113 S. Ct. 2786, 2794 (1993).

otherwise qualified to present expert testimony, then it appears that his report may contain "'scientific, technical, or other specialized knowledge' [that] will help the finder of fact understand the evidence or determine a fact at issue." Fed. R. Evid. 702. Expert testimony is intended to aid the trier of fact to determine facts at issue, and the potential uniqueness of this expert evidence therefore weighs in favor of the modification.

The third and fourth factors, which concern prejudice to the non-movant, weigh in favor of modification of the scheduling order. It apparently took several weeks for the parties to discover that Talos produced the wrong Rosenfield report, and in that time no party timely moved to exclude it; this suggests little or no prejudice from retroactively deeming the report timely. In addition, Warner does not argue that she will be prejudiced by the report's late admission; rather, she makes a fairness-based argument that Talos should not be given a modification here because of its past arguments against similar modifications. The court agrees with Talos that the subsequent continuance of trial cures any prejudice the parties might have suffered from the late production of the report.

For the foregoing reasons, the court finds that Talos has shown good cause to modify the scheduling order as it requests. The court does not make any ruling concerning Warner's suggestion that she should be allowed an additional 30 days to present additional expert testimony because Warner has not properly moved for that relief.

### IV.
#### CONCLUSION

For the foregoing reasons, it is **ORDERED** that the Motion for Extension of Defendant's Expert Report Deadline [doc. 170] is **GRANTED**. The November 14, 2021, report of Dr. Rosenfield, produced on January 24, 2022, is deemed timely under the scheduling order [doc. 68], as amended [doc. 86].

THUS DONE AND SIGNED in Chambers this 25th day of July, 2022.

_____
KATHLEEN KAY
UNITED STATES MAGISTRATE JUDGE