**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF LOUISIANA**
**LAKE CHARLES DIVISION**

| | | |
|---|---|---|
| **ANIKA WARNER, ET AL.,** | * | **CIVIL NO.:  2:18-cv-01435-JDC-KK** |
| | * | **(LEAD)** |
| | * | |
| **VERSUS** | * | **JUDGE JAMES D. CAIN, JR.** |
| | * | |
| | * | **MAG. JUDGE KATHLEEN KAY** |
| **TALOS ERT, LLC, ET AL.** | * | |

**\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\***

**PLAINTIFFS' PROPOSED PATTERN**
**JURY INSTRUCTIONS AND SPECIAL JURY INSTRUCTIONS**

NOW INTO COURT, by and through undersigned counsel, come the plaintiffs Anika Warner and Vantrece Jackson, and in accordance with the Court's orders, respectfully submit the following selected pattern jury instructions and special jury instructions.

First, the plaintiffs propose that the following sections of the United States Fifth Circuit Pattern Jury Instructions be used from the U.S. Fifth Circuit Pattern Jury Instructions (2014 ed., rev. June 2020):

**FIFTH CIRCUIT PATTERN JURY INSTRUCTIONS**

**1.1** Instructions for Beginning of Trial;

**1.2** Preliminary Instructions to Jury;

**2.3** Stipulations of Fact;

**2.7** Charts and Summaries;

**2.8** Demonstrative Evidence;

**2.11** Impeachment by Witness's Inconsistent Statements;

**2.13** Deposition Testimony;

**3.1** Jury Charge;

1

**3.2**    Burden of Proof: Preponderance of the Evidence;

**3.3**    Evidence;

**3.4**    Witnesses;

**3.5**    Expert Witnesses;

**3.7**    Duty to Deliberate: Notes;

**15.2**    Compensatory Damages;

**15.3**    Injury/Pain/Disability/Disfigurement/Loss of Capacity for Enjoyment of

Life;

Further, the plaintiffs submit the following proposed jury instructions:

## <u>PLAINTIFFS' PROPOSED JURY INSTRUCTION NO. 1</u>

An employer is liable for the damages caused by the fault of his employee, if the incident occurs while the employee is exercising the functions for which he was employed. Sometimes we shorten this principle to the statement that the employer is liable if his employee was acting in the course and scope of his employment.

**Source**:

La. Civ. L. Treatise, Civil Jury Instructions § 16:2 (3d ed.)

## <u>PLAINTIFFS' PROPOSED JURY INSTRUCTION NO. 2</u>

In this case, Talos ERT, LLC contends that DLS, LLC was its independent contractor, while the plaintiffs contend that, even if DLS, LLC was an independent contractor, Talos ERT, LLC expressly or impliedly authorized an unsafe work practice by DLS, LLC. Louisiana law on this matter is as follows.

Under Louisiana law, a principal is not liable for the activities of an independent contractor committed in the course of performing its duties under the contract. However, this rule is subject to an exception at issue in this case. The exception is as follows: Notwithstanding the general rule, a principal *is* liable for the acts of an independent contractor *if* he expressly or impliedly authorizes an unsafe work practice by the independent contractor. Further, where an available safe method, which includes the taking of adequate precautions, will render the work at least ordinarily safe, and the work is done in an unsafe manner, the employer will be liable if he has expressly or impliedly authorized the particular manner which will render the work unsafe, and not otherwise.

In this case, you must determine whether Talos ERT, LLC expressly or impliedly authorized an unsafe work practice by DLS, LLC which caused Mr. Jackson to suffer injury and death.

**Source:**

*Bartholomew v. CNG Producing Co.*, 832 F.2d 326, 329 (5th Cir. 1987) ("It is well established that a principal is not liable for the activities of an independent contractor committed in the course of performing its duties under the contract. *Hawkins v. Evans Cooperage Co.,* 766 F.2d 904, 906 (5th Cir.1985); *Wallace v. Oceaneering Int'l,* 727 F.2d 427, 437 (5th Cir.1984); *Moser v. Texas Trailer Corp.,* 623 F.2d 1006, 1014–15 (5th Cir.1980). However, two notable exceptions exist to this general rule. First, a principal may not escape liability arising out of ultrahazardous activities which are contracted out to an independent contractor. Second, and of importance to the instant case, a principal is liable for the acts of an independent contractor if he exercises operational control over those acts or expressly or impliedly authorizes an unsafe practice. *Hawkins,* 766 F.2d at 906; *Wallace,* 727 F.2d at 437; *Williams v. Gervais F. Favrot Co.,* 499 So.2d 623, 625 (La.App.1986), *writ denied,* 503 So.2d 19 (La.1987); *Ewell v. Petro Processors of Louisiana,*

*Inc.,* 364 So.2d 604, 606–07 (La.App.1978), *writ denied,* 366 So.2d 575 (La.1979). Where an available safe method, which includes the taking of adequate precautions, will render it at least ordinarily safe, and the work is done in an unsafe manner, the employer will be liable if he has expressly or impliedly authorized the particular manner which will render the work unsafe, and not otherwise. *Ewell,* 364 So.2d at 607 (quoting Perkowski, *The Employer and the Torts of His Independent Contractor in Louisiana,* 21 Tul.L.Rev. 619, 627 (1947)).").

## <u>PLAINTIFFS' PROPOSED JURY INSTRUCTION NO. 3</u>

This is a case in which the plaintiffs contend that they have been injured, and that the defendant was at fault in causing these injuries. The plaintiffs seek fair compensation for their injuries. The defendant of course has a different view and will be defending itself against the plaintiffs' claims.

The basic law in Louisiana on this kind of case is found in Article 2315 of Louisiana's Civil Code, which states: "Every act whatever of man that causes damage to another obliges him by whose fault it happened to repair it." This means that if one's fault causes injury to another, then he who is at fault must compensate the injured party for the injury.

The plaintiffs have three elements they must prove by a preponderance of the evidence: fault, causation, and damages. Questions addressing all three elements will be given to you in a "Verdict Form" that will be handed to you at the end of these instructions. You will take the Verdict Form and fill it out as part of your deliberations.

The first element that the plaintiffs must prove by a preponderance of the evidence is whether the defendant was at fault. Fault is often defined as the failure to exercise that degree of care ordinarily expected of reasonably prudent persons under similar circumstances. Or, put differently, that a person has acted as he should not have acted, or that he has failed to do something that he should have done. Fault is conduct that falls below the standard of care which the law attaches to one's activities.

You must use sound discretion in fixing an award of damages, drawing reasonable inferences where you find them appropriate from the facts and circumstances in evidence.

**Source**:

Louisiana Supreme Court Pattern Jury Instructions;

U.S. 5th Cir Pattern Jury Instructions, §15 Overview (2014 ed., rev. Oct. 2016) ("When a state-law claim is brought in federal court, *Erie Railroad Co. v. Tompkins* generally requires that state substantive damages law be applied. For damages instructions tailored to state-law claims, the pattern jury instructions published in that state should be consulted.")

## <u>PLAINTIFFS' REQUESTED JURY INSTRUCTION NO. 4:</u>

Anyone who finds himself in a position of imminent peril, without sufficient time to consider and weigh all the circumstances or the best means to adopt in order to avoid an impending danger, is not guilty of negligence if he fails to adopt what subsequently and upon reflection may appear to be the better method, unless the emergency is brought about by his own negligence.

**Source:**

*Monte v. State Farm Mut. Auto. Ins. Co*., 139 So. 3d 1139, 1146 (La. App. 3d Cir. 2014), writ denied, 149 So. 3d 267 (La. 2014);
*Johnson v. State Farm Ins.,* 8 So. 3d 808, 812 (La. App. 3d Cir. 2009);
*Hickman v. S. Pac. Transport Co*., 262 So. 2d 385 (La. 1972)

Respectfully submitted,

|  |  |
|---|---|
|  | /s/      Zachary P. McFarlane |
| J. Kyle Findley (#34922) | Zachary P. McFarlane (#38832) |
| kfindley@arnolditkin.com | zmcfarlane@zehllaw.com |
| John G. Grinnan (*Pro Hac Vice* granted) | Michael E. Streich |
| jgrinnan@arnolditkin.com | mstreich@zehllaw.com |
| **ARNOLD & ITKIN LLP** | **ZEHL & ASSOCIATES, PC** |
| 6009 Memorial Drive | 2700 Post Oak Blvd., Suite 1000 |
| Houston, TX 77007 | Houston, TX 77056 |
| Telephone: 713-222-3800 | Telephone: 713.491.6064 |
| Facsimile: 713-222-3850 | Facsimile: 713.583.1492 |
| e-service@arnolditkin.com |  |

**ATTORNEYS    FOR    VANTRECE JACKSON**

-AND-

Michael Cox (# 22026)
mike.cox@coxcoxfilo.com
COX, COX, FILO, CAMEL & WILSON LLC
723 Broad Street
Lake Charles, LA 70601
Tel: 337.436.6611
Fax: 337.436.9541

**ATTORNEYS FOR ANIKA WARNER**

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing was served upon all counsel of record this 9th day of January, 2023 by e-filing it into the CM/ECF system, which will automatically deliver a copy to all counsel.

/s/      Zachary P. McFarlane

9