**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF LOUISIANA**
**LAKE CHARLES DIVISION**

| | |
|---|---|
| **ANIKA WARNER** | **CASE NO. 2:18-CV-01435 LEAD** |
| **VERSUS** | **JUDGE JAMES D. CAIN, JR.** |
| **TALOS ERT LLC ET AL** | **MAGISTRATE JUDGE KAY** |

# FINAL JURY INSTRUCTIONS

Members of the Jury: It is my duty and responsibility to instruct you on the law you are to apply in this case. The law contained in these instructions is the only law you may follow. It is your duty to follow what I instruct you the law is, regardless of any opinion that you might have as to what the law ought to be.

If I have given you the impression during the trial that I favor either party, you must disregard that impression. If I have given you the impression during the trial that I have an opinion about the facts of this case, you must disregard that impression. You are the sole judges of the facts of this case. Other than my instructions to you on the law, you should disregard anything I may have said or done during the trial in arriving at

your verdict.

You should consider all of the instructions about the law as a whole and regard each instruction in light of the others, without isolating a particular statement or paragraph.

The testimony of the witnesses and other exhibits introduced by the parties constitute the evidence. The statements of counsel are not evidence; they are only arguments. It is important for you to distinguish between the arguments of counsel and the evidence on which those arguments rest. What the lawyers say or do is not evidence. You may, however, consider their arguments in light of the evidence that has been admitted and determine whether the evidence admitted in this trial supports the arguments. You must determine the facts from all the testimony that you have heard and the other evidence submitted. You are the judges of the facts, but in finding those facts, you must apply the law as I instruct you.

You are required by law to decide the case in a fair, impartial, and unbiased manner, based entirely on the law and on the evidence presented to you in the courtroom. You may not be influenced by passion, prejudice,

or sympathy you might have for the plaintiff or the defendant in arriving at your verdict.

Plaintiffs, Anika Warner on behalf of her minor child Yanni Jackson and Vantrece Jackson, have the burden of proving their case by a preponderance of the evidence. To establish by a preponderance of the evidence means to prove something is more likely so than not so. If you find that Plaintiffs have failed to prove any element of their claim by a preponderance of the evidence, then they may not recover on that claim.

The fact that a person brought a lawsuit and is in court seeking damages creates no inference that the person is entitled to a judgment. Anyone may make a claim and file a lawsuit. The act of making a claim in a lawsuit, by itself, does not in any way tend to establish that claim and is not evidence.

The evidence you are to consider consists of the testimony of the witnesses, the documents and other exhibits admitted into evidence, and any fair inferences and reasonable conclusions you can draw from the facts and circumstances that have been proven.

Generally speaking, there are two types of evidence. One is direct evidence, such as testimony of an eyewitness. The other is indirect or circumstantial evidence. Circumstantial evidence is evidence that proves a fact from which you can logically conclude another fact exists. As a general rule, the law makes no distinction between direct and circumstantial evidence, but simply requires that you find the facts from a preponderance of all the evidence, both direct and circumstantial.

A "stipulation" is something that the attorneys agree is accurate. When there is no dispute about certain testimony, the attorneys may agree or "stipulate" to that testimony. Stipulated testimony must be considered in the same way as if that testimony had been received here in court. A "stipulation" is an agreement. When there is no dispute about certain facts, the attorneys may agree or "stipulate" to those facts. You must accept a stipulated fact as evidence and treat that fact as having been proven here in court.

You alone are to determine the questions of credibility or truthfulness of the witnesses. In weighing the testimony of the witnesses, you may consider the witness's manner and demeanor on the witness

stand, any feelings or interest in the case, or any prejudice or bias about the case, that he or she may have, and the consistency or inconsistency of his or her testimony considered in the light of the circumstances. Has the witness been contradicted by other credible evidence? Has he or she made statements at other times and places contrary to those made here on the witness stand? You must give the testimony of each witness the credibility that you think it deserves.

Even though a witness may be a party to the action and therefore interested in its outcome, the testimony may be accepted if it is not contradicted by direct evidence or by any inference that may be drawn from the evidence, if you believe the testimony.

When knowledge of a technical subject matter may be helpful to the jury, a person who has special training or experience in that technical field is permitted to state his or her opinion on those technical matters. However, you are not required to accept that opinion. As with any other witness, it is up to you to decide whether to rely on it.

You are not to decide this case by counting the number of witnesses who have testified on the opposing sides. Witness testimony is weighed;

witnesses are not counted. The test is not the relative number of witnesses, but the relative convincing force of the evidence. The testimony of a single witness is sufficient to prove any fact, even if a greater number of witnesses testified to the contrary, if after considering all of the other evidence, you believe that witness.

A simple mistake by a witness does not necessarily mean that the witness did not tell the truth as he or she remembers it. People may forget some things or remember other things inaccurately. If a witness made a misstatement, consider whether that misstatement was an intentional falsehood or simply an innocent mistake. The significance of that may depend on whether it has to do with an important fact or with only an unimportant detail.

In determining the weight to give to the testimony of a witness, consider whether there was evidence that at some other time the witness said or did something, or failed to say or do something, that was different from the testimony given at the trial.

Certain testimony was presented to you through a deposition. A deposition is the sworn, recorded answers to questions a witness was

asked in advance of the trial. Under some circumstances, if a witness cannot be present to testify from the witness stand, that witness's testimony may be presented, under oath, in the form of a deposition. Sometime before this trial, attorneys representing the parties in this case questioned this witness under oath. A court reporter was present and recorded the testimony. This deposition testimony is entitled to the same consideration and is to be judged by you as to credibility and weighed and otherwise considered by you in the same way as if the witness had been present and had testified from the witness stand in court.

Certain charts and summaries have been shown to you solely to help explain or summarize the facts disclosed by the books, records, and other documents that are in evidence. These charts and summaries are not evidence or proof of any facts. You should determine the facts from the evidence.

Certain charts and summaries of other records have been received into evidence. They should be considered like any other evidence in the case. You should give them only such weight as you think they deserve.

A demonstrative exhibit is an illustration; it is not evidence. It is a

party's description used to describe something involved in this trial. If your recollection of the evidence differs from the demonstrative exhibit, rely on your recollection.

Do not let bias, prejudice or sympathy play any part in your deliberations. A corporation and all other persons are equal before the law and must be treated as equals in a court of justice.

The law applicable to the plaintiffs' claim depends upon the nature of that claim. This is a suit seeking damages for injury caused by the act of another. Under the Civil Code, such an act is called an offense or quasi-offense and the suit is generally known as a tort suit. The basic law in Louisiana in this type of suit is found in article 2315 of the Civil Code, which provides the following:

Every act whatever of man that causes damage to another obliges him by whose fault it happened to repair it.

The word "fault" in that article is a key word. While the Civil Code does not further define the word, it may perhaps best be explained by saying that it signifies that conduct which a person should not have

engaged in that is, that he has acted as he should not have acted, or that he has failed to do something that he should have done. It is thus conduct below the standard which the law applies to his activities.

It should be immediately obvious to you that the standard which we apply to the defendant's conduct will vary according to the activity which he is engaged in, and the circumstances surrounding that activity. As you are well aware, in our complex society, persons are engaged in all kinds of activities, and understandably, different standards may apply to those activities. Those standards may be set down by the legislature as statutes, or by local officials as ordinances, or even by the courts themselves in instances in which the law does not make a specific provision for the activity. In a few minutes I will tell you the standards which apply to the defendant's conduct in this particular suit, and you must accept the standards as I give them to you. It will then be one of your tasks to determine if the plaintiffs have proved by a preponderance of the evidence that the defendant has fallen below the standard which the law expects of him in this particular instance. To put it briefly, you will have to determine

if the plaintiff has proved that the defendant has engaged in substandard conduct and is thus, in legal terms, "at fault."

The basic standard applicable in a negligence case is a requirement that the defendant exercise that degree of care which we might reasonably expect from an ordinarily prudent person under the same or similar circumstances. The care which we reasonably expect from an ordinarily prudent person will vary according to the circumstances facing him. The conduct we set up as a standard is not that of the extraordinarily cautious individual or the exceptionally skillful one, but that of a person of ordinary prudence. While unusual caution or skill is to be admired and encouraged, the law does not demand it as a standard of care in this case.

The ordinarily prudent person will avoid creating an unreasonable risk of harm. In determining whether Talos breached the standard and created an unreasonable risk of harm, you may weigh the likelihood that someone might have been injured and the seriousness of that injury against the importance to society of what the defendant was doing and the advisability of the way in which he was doing it, under the circumstances.

In this case, the Plaintiff can establish liability in one of two ways: (1) that Defendant expressly or impliedly authorized actions that resulted in negligent acts of DLS or (2) that Defendant was independently negligent. Absent one of these two exceptions, Talos cannot be responsible for the negligence or fault of its independent contractor, DLS.

In this case, the parties have stipulated that DLS was an independent contractor of Talos. Under Louisiana law, Talos, the principal, is generally not liable for the negligent acts of its independent contractor committed in the course of performing its contractual duties. Therefore, the owner of an offshore platform, such as Talos, ordinarily owes no duty to Mr. Jackson, an employee of DLS, an independent contractor of Talos, to protect him from hazardous situations created by DLS in the performance of DLS's work. Louisiana law recognizes an exception where a principal is liable for the acts of an independent contractor if it expressly or impliedly authorizes an unsafe work practice by the independent contractor. Louisiana courts have concluded that if the work is such that no precautions will render it completely safe, there can be no shifting of liability from the independent contractor to the principal.

However, where an available safe method, which includes the taking of adequate precautions, will render it at least ordinarily safe, and the work is done in an unsafe manner, the principal can be liable if he has expressly or impliedly authorized the particular manner in which renders the work unsafe. Express authority is authority given to the independent contractor by explicit agreement, either orally or in writing. Implied authority is authority given by the principal to the independent contractor as a result of the principal's conduct such as the principal's earlier acquiescence to the independent contractor’s actions.

To establish liability, Plaintiff must establish by a preponderance of the evidence that

1) the work undertaken is inherently or intrinsically dangerous;
2) there are precautions that can render the dangerous work more safe;
3) the work is done without these precautions; and
4) the principal expressly or implicitly authorized the fashion of doing the work which rendered it more unsafe.

Plaintiff also seeks to establish that Talos is independently negligent

under state law. Under Louisiana law, a principal, such as Talos, generally has no duty to take affirmative steps to ensure the safety of independent contractor's employees, but Talos, the principal, may assume such a duty by contract or by later going beyond the contract and voluntarily policing the worksite for safety problems.

To prevail in an independent action of negligence, the Plaintiff must prove the following five elements by a preponderance of the evidence:

1) Talos assumed a duty to ensure the safety of the independent contractor's employees or DLS relied on the undertaking;
2) Talos's conduct constituted a breach of that duty;
3) Talos's conduct was the cause of Mr. Jackson's death;
4) the type of injury which Mr. Jackson suffered is associated with the risks that the Talos's duty encompassed; and
5) the Plaintiff suffered actual damages.

If you believe that the Plaintiffs have established these five elements by a preponderance of the evidence, then the Plaintiffs are entitled to recover.

Talos contends that the Mr. Jackson was at fault and his fault contributed to the accident. The fault of Mr. Jackson must be established by a preponderance of the evidence.

The jury is permitted to assess a degree or percentage of fault to any and all persons or entities causing or contributing to any injury, death, or loss proven by the plaintiffs, regardless of whether the person is a party to the action or a nonparty. If a person suffers injury, death, or loss as the result partly of his own negligence and partly as a result of the fault of another person or persons such as DLS, the amount of damages recoverable shall be reduced in proportion to the degree or percentage of negligence attributable to the person suffering the injury, death, or loss.

In an action for injury or loss, the trier of fact shall determine the degree or percentage of fault of all persons found to have contributed or caused that injury of loss.

When apportioning fault, you should consider five factors which include: (1) Whether the harmful conduct resulted from inadvertence or involved an awareness of danger; (2) the greatness of the risk created by the conduct; (3) the significance of what was sought by the conduct; (4)

the capacities of the actor, whether superior or inferior; and (5) any extenuating circumstances which might have required the actor to proceed in haste, without proper thought.

If Plaintiffs have proved their claim against Talos by a preponderance of the evidence, you must determine the damages to which Plaintiffs are entitled. You should not interpret the fact that I am giving instructions about Plaintiffs' damages as an indication in any way that I believe that Plaintiffs should, or should not, win this case. I am instructing you on damages only so that you will have guidance in the event you decide that Talos is liable, and that Plaintiffs are entitled to recover money damages from the Defendant.

If you find that Talos is liable to Plaintiffs, then you must determine an amount that is fair compensation for all of Plaintiffs' damages. These damages are called compensatory damages. The purpose of compensatory damages is to make Plaintiffs whole—that is, to compensate Plaintiffs for the damage that they have suffered. Compensatory damages are not limited to expenses that Plaintiffs may have incurred because of their injury. If Plaintiffs win, they are entitled to compensatory damages for the

physical injury, pain and suffering, and mental anguish that they have suffered because of Talos's wrongful conduct.

You may award compensatory damages only for injuries that Plaintiffs prove were caused by Talos's allegedly wrongful conduct. The damages that you award must be fair compensation for all of Plaintiffs' damages, no more and no less. Damages are not allowed as a punishment and cannot be imposed or increased to penalize Talos. You should not award compensatory damages for speculative injuries, but only for those injuries that Plaintiffs have actually suffered or that Plaintiffs are reasonably likely to suffer in the future.

If you decide to award compensatory damages, you should be guided by dispassionate common sense. Computing damages may be difficult, but you must not let that difficulty lead you to engage in arbitrary guesswork. On the other hand, the law does not require that Plaintiffs prove the amount of their losses with mathematical precision, but only with as much definiteness and accuracy as the circumstances permit.

You must use sound discretion in fixing an award of damages, drawing reasonable inferences where you find them appropriate from the facts and circumstances in evidence.

You should consider the following elements of damage for Wrongful Death, to the extent you find them proved by a preponderance of the evidence: mental anguish, loss of love and affection, loss of services, and loss of support up to the age of 18. Damages for wrongful death are intended to compensate the victim's beneficiaries for their compensable injuries following the victim's moment of death.

It is now your duty to deliberate and to consult with one another in an effort to reach a verdict. Each of you must decide the case for yourself, but only after an impartial consideration of the evidence with your fellow jurors. During your deliberations, do not hesitate to reexamine your own opinions and change your mind if you are convinced that you were wrong. But do not give up on your honest beliefs because the other jurors think differently, or just to finish the case.

Remember at all times, you are the judges of the facts. You have been allowed to take notes during this trial. Any notes that you took during

this trial are only aids to memory. If your memory differs from your notes, you should rely on your memory and not on the notes. The notes are not evidence. If you did not take notes, rely on your independent recollection of the evidence and do not be unduly influenced by the notes of other jurors. Notes are not entitled to greater weight than the recollection or impression of each juror about the testimony.

When you go into the jury room to deliberate, you may take with you a copy of this charge, the exhibits that I have admitted into evidence, and your notes. You must select a jury foreperson to guide you in your deliberations and to speak for you here in the courtroom. Your verdict must be unanimous. After you have reached a unanimous verdict, your jury foreperson must fill out the answers to the written questions on the verdict form and sign and date it. After you have concluded your service and I have discharged the jury, you are not required to talk with anyone about the case.

If you need to communicate with me during your deliberations, the jury foreperson should write the inquiry and give it to the court security officer. After consulting with the attorneys, I will respond either in writing

or by meeting with you in the courtroom. Keep in mind, however, that you must never disclose to anyone, not even to me, your numerical division on any question.

You may now proceed to the jury room to begin your deliberations.

THUS DONE AND SIGNED in Chambers this 2nd day of February, 2023.

**JAMES D. CAIN, JR.**
**UNITED STATES DISTRICT JUDGE**