UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAKE CHARLES DIVISION

| | |
|---|---|
| **ANIKA WARNER** | **CASE NO.  2:18-CV-01435 LEAD** |
| **VERSUS** | **JUDGE JAMES D. CAIN, JR.** |
| **TALOS ERT LLC ET AL** | **MAGISTRATE JUDGE KAY** |

## MEMORANDUM ORDER

Before the Court are Bills of Costs and Motions to Tax Costs (Docs. 268, 271) filed by Plaintiffs Vantrece Jackson and Anika Warner on behalf of her minor son Yanni Jackson following the jury verdict of liability and entry of judgment in their favor against Defendant Talos ERT, LLC ("Talos") in this Wrongful Death Action, from a trial beginning on January 25, 2023. Talos objects to the Motions. Docs. 273, 274. Plaintiff Vantrece Jackson has replied. Doc. 284.

### I.  Plaintiff Vantrece Jackson

Plaintiff Vantrece Jackson moves the Court to tax the sum of $12,149.92 for the costs of printed and electronic depositions and trial transcripts in this case. Doc. 268-1, p. 2. Talos objects to a video deposition of Talos's Corporate Representative Richard Spinks, totaling $512.50, because it was not used at trial and Mr. Spink's gave live testimony. Doc. 273-1, p. 2. Talos will not be charged for Mr. Spinks's video depositions. *See Centurytel of Chatham, LLC v. Sprint Commc'ns Co. LP*, No. CV 09-1951, 2016 WL 4005965, at *5 (W.D. La. July 25, 2016) (awarding the costs of their deposition transcripts only when video depositions reasonably been obtained for use at trial that were not used).

Talos also objects to the costs for certified copes of the depositions of Gerard Boutte, Steve Champagne, and Larry Robinson, totaling $3,504.95, because these copies were not needed in addition to the originals. Id. at 3. Plaintiff Vantrece Jackson maintains that though the invoice says "certified," they are the only copies that she obtained and not "extra copies." Doc. 284, pp. 1–2. "[T][he cost of original depositions is taxable without any factual finding." *Studiengesellschaft Kohle mbH v. Eastman Kodak Co.*, 713 F.2d 128, 133 (5th Cir. 1983) (quoting *United States v. Kolesar*, 313 F.2d 835, 837 (5th Cir. 1963)). Accordingly, Talos will be taxed $3,504.95 for these depositions.

## II. Plaintiff Anika Warner

Plaintiff Anika Warner requests the Court to tax $76,819.06 against Talos. Doc. 271-6, p. 3. Talos objects to $210.00 for pro hac vice fees for Kara Sellers and John Grinnan. Doc. 274-1, p. 2. Pro hac vice fees are "costs . . . that an attorney pays for the privilege of practicing law in a district and, as such, are not recoverable." *Clay v. New Tech Glob. Ventures LLC*, No. 6:16-CV-00296, 2020 WL 1876017, at *1 (W.D. La. Apr. 15, 2020). Thus, Talos will not be subjected to the $210.00.

Talos objects to $466.95 for private server costs in serving the registered agents of Talos and Diverse Safety and Scaffolding, LLC with her original complaint. Doc. 274-1, p.2–3. The Fifth Circuit has specifically rejected a reading of § 1920(1)'s "fees of the clerk and marshal" to include service fees for private process servers. *Marmillion v. Am. Internat'l Ins. Co.*, 381 F. App'x 421, 431 (5th Cir. 2010) (citing *Gaddis v. United States*, 381 F.3d 444, 456 (5th Cir. 2004)). Accordingly, it has held that fees for private process servers may only be taxed against the government in exceptional circumstances.

*Marmillion*, 381 F. App'x at 431; *see also Cypress- Fairbanks Indep. Sch. Dist. v. Michael F. ex rel. Barry F.*, 118 F.3d 245, 257 (5th Cir. 1997) (district court should have denied taxation of private process server fees where there was "nothing exceptional about the parties or the nature of [the] case"). Additionally, district courts have held that even when a party does show exceptional circumstances justifying the use of a private process server, its recovery is limited to the amount that would have been charged by the marshals. *Bates Energy Oil & Gas, LLC v. Complete Oil Field Services*, LLC, 2021 WL 3137421, at *17 (W.D. Tex. Feb. 22, 2021) (citing *VFS US, LLC v. Southwinds Exp. Const.*, LLC, 2014 WL 3893309, at *5 (E.D. La. Aug. 8, 2014)). This cost will be reduced to reflect $109.29, the amount that the U.S. Marshals would have charged to serve Talos and DSS.

Talos objects to $14,946.70 used for video depositions of Spinks, Boutte, Robinson, and Menser that were not used at trial. Here, Spinks testified live at trial, and thus his costs, $6,824.70, are not taxable. *See Saacks v. Priv. Underwriters Reciprocal Exch.*, 2018 WL 3769963, at *3 (E.D. La. Jul. 24, 2018). The remaining named individuals did not testify and were necessary for the use of the case when they were taken. *See* 28 U.S.C. § 1920(2; *United States ex rel. Long v. GSDMIdea City, LLC*, 807 F.3d 125, 130 (5th Cir. 2015). Thus, of the $14,946.70, $6,824.70 will not be taxable.

Talos objects to $9,620.20 used for certified copes of the depositions of Boutte, Champagne, and Robinson, claiming they are extra copies and thus not taxable. As previously determined in *supra* Part.I, these copes were the only copies and thus will be taxable.

Talos objects to $2,937.90 for the daily trial transcript Plaintiff Warner purchased on January 25, 2023. Doc. 271-3, p. 18. This is a taxable item. Guide to Practice, Part VI.2.f (December 31, 2022).[1]

Talos objects to $32,287.50 for services of a trial technician as an exemplification cost because many courts within the Fifth Circuit have refused to award such costs. Doc. 271-1, p. 6. It, however, also appears that "district courts in this circuit have frequently awarded costs for professional video and audio services in a variety of cases, without pretrial approval." *Favata v. Nat'l Oilwell Varco, LP*, No. 2:12-CV-82, 2014 WL 5822781, at *4 (S.D. Tex. Nov. 10, 2014). "Court[s] require[] . . . parties to present their evidence at trial in a streamlined, orderly, and efficient manner. The use of technology support during trial, particularly in complicated cases such as this case, is an anticipated, useful, and necessary tool to assist in the efficient presentation of cases." *Versata Software Inc. v. SAP Am., Inc.*, No. 2:07-CV-153 CE, 2011 WL 4436283, at *2 (E.D. Tex. Sept. 23, 2011). The Court will allow these charges.

Talos objects to $2,379 in for office supplies. These costs are not taxable. *See generally* Guide to Practice, Part VI (December 31, 2022).

Talos objects to $4,182.50 in charges for color copies. Based on the invoice (Doc. 271-4, p. 3), these copies were shipped six days before trial. Thus, the Court will allow them as they were necessary for trial considering the necessity of using color to accurately represent the accident scene. *See Favata*, 2014 WL 5822781, at *5 (finding reproducing

---

[1] https://www.lawd.uscourts.gov/sites/lawd/files/UPLOADS/GUIDE_TO_PRACTICE.12 122.ppm.pdf.

color copies necessary for use in the case based on the date on the invoice approximately two weeks before trial and the collective nature of the case).

### III. Summary

For the reasons state above, **IT IS ORDERED** that Plaintiff Vantrece Jackson's bill of costs be reduced by **$512.50**, resulting in an award of costs of **$11,637.42**.

**IT IS FURTHER ORDERED** that Anika Warner's, on behalf of her minor son Yanni Jackson, bill of costs be reduced by **$9,771.36**, resulting in an award of costs of **$67,047.70**.

**THUS DONE AND SIGNED** in Chambers on this 4th day of April 2023.

_____
JAMES D. CAIN, JR.
**UNITED STATES DISTRICT JUDGE**