UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAKE CHARLES DIVISION

**ANIKA WARNER**  :  **CASE NO.  2:18-CV-01435 LEAD**

**VERSUS**  :  **JUDGE JAMES D. CAIN, JR.**

**TALOS E R T  L L C ET AL**  :  **RETIRED MAG JDG JRS KAY**

## MEMORANDUM ORDER

Before the court are memoranda [docs. 315, 316] submitted by the parties, following the Fifth Circuit's remand of this matter to determine the appropriate remittitur for the damages awarded to plaintiff Vantrece Jackson.

### I.
#### BACKGROUND

This suit arises from the death of Walter Jackson in an accident on an oil-and-gas platform. His widow, Mrs. Jackson, and son, Y.J., by and through his mother Anika Warner, filed suit in this court. After a seven-day trial, the jury attributed 88 percent of the fault for the accident to platform owner Talos and the remaining 12 percent to Mr. Jackson's employer, DLS, LLC. The jury awarded $120,000.00 in special damages and $20,000,000.00 in general damages to Y.J. and $987,930.00 in special damages and $6,600,000.00 to Mrs. Jackson. Doc. 254. The court granted Talos's motion for remittitur in part, adjusting Y.J.'s general damages to $4,360,708.59 and Mrs. Jackson's general damages to $5,104,226.22. Doc 306. Talos then appealed on a number of issues. The Fifth Circuit affirmed the case except as to the remittitur of Mrs. Jackson's award. *Warner v.*

*Talos ERT, LLC*, 133 F.4th 412 (5th Cir. 2025). It found that the case relied on by this court under the maximum recovery rule, *Zimko v. American Cyanamid*, 905 So.2d 465 (La. Ct. App. 4th Cir. 2005), was insufficiently similar to the facts of this matter and that the remittitur award was disproportionately high in comparison to similar Louisiana cases. *Id.* at 430–31. Accordingly, it vacated the general damages award to Mrs. Jackson and remanded the matter to the undersigned for redetermination of the remittitur. *Id.* The parties have submitted additional briefing at the court's request, offering their respective views of the appropriate comparator cases. Docs. 315, 316.

## II.
## LAW & APPLICATION

The Fifth Circuit's opinion succinctly summarizes the applicable law on remittitur:

> To determine whether an award is excessive, courts generally compare it "with rulings in other factually similar cases decided under controlling law." *Marcel*, 11 F.3d at 568. Louisiana appellate courts consider "prior awards in similar cases, as well as the particular facts and circumstances of the case under review." *Pete v. Boland Marine & Mfg. Co., LLC*, 2023-00170, p. 10 (La. 10/20/23), 379 So. 3d 636, 644, *reh'g denied*, 2023-00170 (La. 12/7/23), 374 So. 3d 135. "Under the [maximum-recovery] rule, 'we remit damage awards that we find excessive to the maximum amount the jury could have awarded.'" *Learmonth v. Sears, Roebuck & Co.*, 631 F.3d 724, 738 (5th Cir. 2011) (citation omitted). The maximum-recovery rule "permits a verdict at 150% of the highest inflation-adjusted recovery in an analogous, published decision." *Echeverry*, 988 F.3d at 236 (quoting *Longoria v. Hunter Express, Ltd.*, 932 F.3d 360, 365 (5th Cir. 2019)).

*Warner*, 133 F.4th at 430. The plaintiff then has the option of either accepting the remitted damages award or seeking a new trial on damages. *E.g.*, *Brunneman v. Terra Intern., Inc.*, 975 F.2d 175, 178 (5th Cir. 1992).

This court relied on *Zimko*, supra, in which a widow was awarded $2,500,000.00 in general damages following the death of her husband of 31 years, with whom she shared no children. The Fifth Circuit cited evidence of the Jacksons' emotional attachment but noted that their marriage was considerably shorter (three years). "Because *Zimko* offers no other facts regarding the plaintiff's marriage or emotional loss other than the length of the marriage," the court found that it was factually dissimilar. 133 F.4th at 431. Instead, it cited a number of Louisiana cases to show that a remittitur based on *Zimko* was disproportionately high based on more similar circumstances:

- *Moore v. M/V ANGELA*, 353 F.3d 376 (5th Cir. 2003): Plaintiff and decedent were together for seven years but had only been married for six months. They had no children together and were approximately 50 years old when they married. Loss of consortium award reduced from $750,000.00 to $300,000.00 before adjusting for inflation and applying multiplier.

- *Temple v. State ex rel. Department of Transportation & Development*, 858 So.2d 569 (La. Ct. App. 1st Cir. 2003): Plaintiff and decedent were married one month after five years together, with no children "and no evidence of an *unusually* traumatic or extended reaction." *Id.* at 580 (emphasis in original). Court found that additur was not warranted and affirmed award of $75,000.00.

- *Jeffries v. Estate of Pruitt*, 598 So.2d 379 (La. Ct. App. 1st Cir. 1992): Plaintiff and decedent were married for two years and had lived together for one year before that. Decedent's mother and plaintiff both testified as to the closeness of the relationship. Appellate court acknowledged that $30,000.00 general damages award was "at the

low end of the reasonable range" but did not constitute an abuse of discretion. *Id.* at 387.

- *Dotson v. Matthews*, 480 So.2d 860 (La. Ct. App. 2d Cir. 1985): Plaintiff and decedent were married for five years, with two young daughters, and record showed "[t]he family was close in every sense of the word." *Id.* at 867. Court awarded $150,000.00 in general damages to the surviving spouse.

- *Cheatham v. City of New Orleans*, 378 So.2d 369 (La. 1979): Plaintiff and decedent were married three and a half years, with a young child, and record reflected they took time for one another even though plaintiff was busy with a full-time job and night school. Court affirmed jury verdict of $200,000.00 in general damages.

*Warner*, 133 F.4th at 431 & n. 17.

Mrs. Jackson urges the court to consider *Maldonado v. Kiewit Louisiana Co.*, 152 So.3d 909 (La. Ct. App. 1st Cir. 2014), which Talos cited in its appellate brief, and *Raymond v. Government Employees Insurance Co.*, 40 So.3d 1179 (La. Ct. App. 3d Cir. 2010). As Talos points out, however, the Fifth Circuit had the opportunity to consider *Maldonado* and evidently regarded the cases described above as better points of comparison. Additionally, both *Maldonado* and *Raymond* are readily distinguished from this matter. In *Maldonado*, which involved a remittitur to $750,000.00, the couple shared two young sons and had dated since the surviving spouse was 14 years old. In *Raymond*, which affirmed an award of $1.5 million to the surviving spouse, the couple had been married for thirteen years with two young children and the wife "is now faced with a future of raising her two young children by herself as their sole surviving parent." 40 So.3d at

1192. Because both cases differ from the instant one on two key factors, namely the length of the relationship and the involvement of minor children, and because the Fifth Circuit omitted them from its wide-ranging review, the court will not consider them as analogs.

Instead, all of the listed cases from the Fifth Circuit opinion offer rough analogs to the instant case. The Jacksons were married for three years after dating for some time.[1] Doc. 280, p. 900. Although Mr. Jackson worked offshore, they spent time together when they were able and kept in contact while he was away. *Id.* at 898–99, 919. They had no children together. Mrs. Jackson testified to a deep grief after losing Mr. Jackson, and still wore her wedding ring at the time of trial. *Id.* at 903–04. She had not sought any medical treatment or counseling after the loss. *Id.* at 918.

As Talos concedes, *Cheatham* offers the highest inflation-adjusted recovery in an analogous published decision.[2] The award of $200,000.00 affirmed by the Louisiana Supreme Court in November 1979 becomes $845,309.62 when adjusted for inflation.[3] *See Ledet v. Smith Marine Towing Corp.*, 455 F. App'x 417, 423 (5th Cir. 2011), *cited with approval in Puga v. RCX Solutions, Inc.*, 922 F.3d 285, 298 & n. 12 (5th Cir. 2019) (inflation calculated to present date); *Echeverry*, supra, 2021 WL 689239 at *3 (calculating

---

[1] Mrs. Jackson testified that they were married in 2015 and began to date around the time his son, Y.J., was born. Doc. 280, pp. 897–900. Y.J. was born in June 2009. Doc. 279, pp. 852–53.
[2] In *Moore* damages were limited to the $500,000 security originally ordered for release of the vessel. The court did not adjust the award in the reference case, *Fannin v. Louisiana Power & Light Co.*, 594 So.2d 1119 (La. Ct. App. 4th Cir. 1992), for inflation to December 2003 and instead limited loss of consortium damages to the $399,000.00 attained after applying the 133% multiplier for remittitur in bench trials. *See Moore*, 353 F.3d at 384–85. The Fifth Circuit also declined to use *Fannin* as a reference point in this matter, and neither party urges that the facts are sufficiently similar. Accordingly, the court will not use the underlying 1992 award for the purpose of determining maximum recovery. The $399,000 award in *Moore*, adjusted for inflation to the present, is still less ($694,504.64) than the inflation-adjusted award in *Cheatham*.
[3] The court used the CPI Inflation Calculator, located at https://www.bls.gov/data/inflation_calculator.htm. The most recent month for which data was available at the time of this writing was April 2025.

inflation from date of decision/affirmation of award in comparison case). Multiplying this figure by 150 percent brings the *Cheatham* award to $1,267,964.43. Adjusted for Talos's 88 percent fault, the award is then reduced to $1,115,808.70. Mrs. Jackson thus has the option of accepting this award as a remittitur of her general damages or requesting a new jury trial on the issue.

### III.
#### CONCLUSION

For the reasons stated above, **IT IS ORDERED** that plaintiff Vantrece Jackson's general damages award be adjusted to $1,115,808.70. **IT IS FURTHER ORDERED** that Mrs. Jackson may request a new trial as to general damages only in lieu of the remittitur within 15 days of this order. If a new trial is not requested, the parties are directed to submit a proposed judgment to the court within 21 days of this order.

**THUS DONE AND SIGNED** in Chambers on the 9th day of June, 2025.

_____
**JAMES D. CAIN, JR.**
**UNITED STATES DISTRICT JUDGE**